UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JULIUS M. BANNERMAN,

       Plaintiff,

v.                                                        Case No. 2:05-cv-264
                                                        HON. GORDON J. QUIST

BEATRICE HURSH,

       Defendant.
_____/

## OPINION AND ORDER PARTIALLY APPROVING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

       The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on November 1, 2006. The Report and Recommendation was duly served on the parties. The Court received objections from Defendant Hursh. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

       Defendant Hursh contends that the Magistrate Judge erred in finding that the "favorable termination" requirement is not applicable to Plaintiff's claims. However, as noted by the Magistrate Judge in the report and recommendation, Plaintiff's requests for relief do not include a request for an injunction granting him a reversal of his misconduct conviction. Rather, Plaintiff merely seeks the opportunity to be present during a hearing on his misconduct ticket. Therefore, as noted by the Magistrate Judge, Plaintiff's due process and equal protection challenges under the Fourteenth Amendment are cognizable in a § 1983 action, because his challenges are to the denial of his right to be present during the hearing which may result in more favorable consideration, not

to the actual decision to find Plaintiff guilty of the misconduct. *See Dotson v. Wilkinson*, 329 F.3d 463 (6th Cir. 2002) (en banc) (holding that challenge to parole eligibility as opposed to challenge to denial of parole is cognizable in § 1983 action); *Seagroves v. Tennessee Bd. of Probation & Parole*, No. 01-6274, 2002 WL 1379028 (6th Cir. 2002) (vacating district court's dismissal of action because prisoner challenging ex post facto parole procedures states cognizable claim under § 1983).

Defendant claims that the Magistrate Judge erred in finding that Plaintiff's due process claim is not barred by *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), overruled in part on other grounds *Daniels v. Williams*, 474 U.S. 327 (1986), because pursuant to M.C.L. § 791.254, the State's post-deprivation remedies could have adequately addressed the asserted wrong, which was Plaintiff's inability to attend the hearing, and ordered a new hearing. The court concludes that Defendant is correct. Therefore, the court will dismiss Plaintiff's procedural due process claims on the basis of *Parratt*, 451 U.S. at 537.

Defendant claims that the Magistrate Judge erred in finding that there was a genuine issue of material fact regarding whether Defendant deliberately deprived Plaintiff of his right to attend his hearing, as well as to whether Defendant was motivated by a desire to discriminate against Plaintiff on the basis of his race. Defendant states that Plaintiff's assertions regarding this issue are entirely conclusory. However, as noted by the Magistrate Judge in the report and recommendation, Plaintiff asserts that Defendant has adopted an "ongoing pattern and custom of denying Black prisoners the opportunity to appear" at their hearings and that a review of Defendant's past record, grievances and ticket history will show a strong dislike for African Americans. Therefore, Plaintiff seeks further discovery in this matter. Plaintiff also alleges that Defendant has been disrespectful of Black inmates, calling them "niggers, jungle bunnies, jiggaboos and the like." The court concludes that such allegations are sufficient to show an issue of fact with regard to whether

- 3 -

Defendant's conduct was motivated by a desire to discriminate against Plaintiff on the basis of his race.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted, as modified, as the opinion of the court and Plaintiff's due process claim will be dismissed. However, as noted above, Defendant is not entitled to summary judgment on Plaintiff's equal protection claim.


Dated: January 8, 2007                                      /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE