UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JULIUS M. BANNERMAN,

    Plaintiff,

v.                                          Case No. 2:05-CV-264

BEATRICE HURSH,                          HON. GORDON J. QUIST

    Defendant.
_____/

## MEMORANDUM ORDER

The Court has before it Plaintiff's motion for reconsideration of the Court's January 8, 2007, Opinion and Order partially approving the magistrate judge's report and recommendation filed on November 1, 2006. Also before the Court is Plaintiff's motion for permission to take an interlocutory appeal. For the reasons stated below, both motions will be denied.

Plaintiff alleged in his complaint both a due process and an equal protection claim. Plaintiff's motions concern the due process claim. In its January 8, 2007, Opinion and Order, the Court concluded that Plaintiff's due process claim should be dismissed because M.C.L. § 791.254 provides Plaintiff an adequate post-deprivation remedy under *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908 (1981). The Court also rejected Defendant's argument that the magistrate judge erred in concluding that the "favorable termination" requirement does not bar Plaintiff's due process claim but, as noted, the dismissal was grounded in the existence of the adequate state post-deprivation remedy.

Plaintiff argues in his motion for reconsideration that the Court should reconsider its dismissal of his due process claim upon two grounds. First, he asserts that the state procedure is not

adequate because it does not provide a damages remedy. Second, he contends that under the Sixth Circuit's decision in *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the "favorable termination" requirement does not bar his claim because the loss of good time credits does not lengthen his sentence.

Plaintiff's first argument fails because courts have recognized that the absence of a damages remedy does not render a state post-deprivation remedy inadequate. In *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194 (1984), the Supreme Court rejected the notion that to be adequate, a state remedy must afford all of the relief that would be available in an action under § 1983, stating, "that Palmer might not be able to recover under these remedies the full amount which he might receive in a § 1983 action is not, as we have said, determinate of the adequacy of state remedies." *Id.* at 535, 104 S. Ct. at 3204-05 (citing *Parratt*, 451 U.S. at 544, 101 S. Ct. at 1917). The Sixth Circuit has echoed this rule. *Chaz Constr., LLC v. Codell*, 137 F. App'x 735, 741 (6th Cir. 2005) ("Although Kentucky law does not provide money damages, this is not fatal."). *See also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (concluding that state procedures provided an adequate remedy even though damages were not available because the procedures were "neither meaningless nor nonexistent"); *Scott v. McCaughtry*, 810 F. Supp. 1015, 1019 (E.D. Wis. 1992) (finding state procedures that expunged a disciplinary proceeding from the plaintiff's record and restored his wages and any good time credits were adequate in spite of the absence of monetary relief). Thus, contrary to Plaintiff's assertion, the lack of a damage remedy does not render the state post-deprivation remedy inadequate.

Plaintiff's second argument regarding *Thomas* and the "favorable termination" requirement is easily rejected. The Court did not dismiss Plaintiff's due process claim upon that ground and, in fact, expressly held that Plaintiff's due process claim was not subject to that requirement. Dismissal

was predicated upon the independent ground that Plaintiff had an adequate remedy under Michigan law.

Plaintiff requests an interlocutory appeal in his second motion. He indicates that he intends to raise two issues in his appeal: (1) there is no favorable termination rule in Michigan; and (2) *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995), does not apply to property and liberty interests. The authority for certifying interlocutory appeals is contained in 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

28 U.S.C. § 1292(b). A party seeking an interlocutory appeal must show that: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993) (citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)).

The Court rejects Plaintiff's motion because neither of the identified issues presents controlling issues of law. As noted above, the Court dismissed Plaintiff's due process claim because Plaintiff has an adequate state post-deprivation remedy. Neither the Court nor the magistrate judge in his report and recommendation concluded that Plaintiff's due process claim was subject to the "favorable termination" requirement or barred by *Sandin v. Conner*. There also does not exist substantial ground for difference of opinion whether the Court's basis for dismissing the due process

3

claim was correct. Finally, because neither issue Plaintiff seeks to raise on appeal was a basis for the Court's decision and Plaintiff's equal protection claim remains, an immediate appeal would not materially advance the ultimate termination of this case. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (docket no. 52) and Plaintiff's motion for permission to take an interlocutory appeal (docket no. 59) are **DENIED**.


Dated: September 18, 2008                     /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE