UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JULIUS M. BANNERMAN

    Plaintiff,

v.                                                              Case No. 2:05-CV-264

BEATRICE HURSH                                  HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Julius M. Bannerman, an inmate at the Alger Maximum Correctional Facility (LMF), filed suit pursuant to 42 U.S.C. § 1983 against Defendant Sgt. Beatrice Hursh, then an LMF employee. He alleges Defendant discriminated against him on the basis of race in violation of his Fourteenth Amendment equal protection and due process rights.

Defendant filed a Motion for Summary Judgment. (Docket no. 74.) On January 23, 2009, the Magistrate Judge filed a Report and Recommendation, (docket no. 89), recommending that Defendant's Motion for Summary Judgment be granted and the complaint dismissed. The Report and Recommendation also recommends that the Court find no good-faith basis for appeal. Plaintiff requested an extension of the time to file objections to the Report and Recommendation, which the Magistrate Judge granted. Plaintiff timely objected. After de novo review, the Court approves the Report and Recommendation and adopts it as its Opinion.

Plaintiff received a major misconduct ticket on August 5, 2005, and a hearing was scheduled for August 15, 2005. Plaintiff claims Defendant approached his cell on the 15th, and that she had a duty to alert him so he could attend the hearing. Plaintiff avers that Defendant

made no effort to speak, knock or otherwise gain his attention, and that Defendant's failure deprived him of his right to attend. Plaintiff contends Defendant had a "custom and pattern" of denying African-American prisoners like himself the opportunity to attend these hearings. Plaintiff was convicted of the misconduct charge and lost five days of good time as a result. He notes that he is not challenging the misconduct conviction, but merely asserting that he was denied the right to attend the hearing and defend himself.

Plaintiff objects to the Magistrate Judge's recommendation that the Court grant Defendant summary judgment because there is no genuine issue of fact regarding his equal protection claim. Plaintiff argues he has "properly set forth" equal protection and due process claims. (Docket no. 96 at 2.) To establish his equal protection claim, Plaintiff must offer evidence that the discrimination he alleges was motivated by race. He has not done so. His complaint asserts that Defendant's conduct was motivated by racial animus, but he provides no evidence to support this conclusion. His conclusory statement alone is insufficient. Plaintiff previously testified that neither he nor Defendant spoke to each other. (Pl's Dep. at 7, Mar. 9, 2007.) He admitted the same in an affidavit. (Docket no. 22-4 at 1.) However, in opposition to Defendant's Motion for Summary Judgment, Plaintiff claimed Defendant "made racial remarks and stated to petitioner he will not be attending his major misconduct hearing." (Docket no. 84 at 4.) He provided no explanation for this contradiction or support for this claim. The Magistrate Judge correctly noted that Plaintiff cannot generate an issue of fact by filing an affidavit in opposition to Defendant's Motion for Summary Judgment which contradicts his previous testimony.

Plaintiff objects that the denial of the opportunity to be present at his misconduct hearing violated his due process right. An unauthorized act depriving an individual of a liberty or property interest does not violate due process when the state provides adequate post-deprivation

2

remedies. *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). Michigan law permits Plaintiff to appeal his misconduct conviction within 30 days of his receipt of the Major Misconduct Hearing Report. As this is an adequate post-deprivation remedy, Plaintiff has not shown a due process violation.

Plaintiff also objects to the Magistrate Judge's recommendation that this Court grant Defendant summary judgment because she is qualifiedly immune. Plaintiff asserts that the act complained of violated his clearly established equal protection and due process rights. However, for the aforementioned reasons, Plaintiff has not demonstrated that Defendant violated his clearly established rights. Defendant thus has qualified immunity.

For the aforementioned reasons, the Magistrate Judge's Report and Recommendation (docket no. 89) recommending that Defendant's Motion for Summary Judgment (docket no. 74) be **GRANTED** is **APPROVED AND ADOPTED** as the Opinion of this Court. Furthermore, the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 89) is **APPROVED AND ADOPTED** as the **OPINION** of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 74) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** in its entirety.

This case is **concluded**.

Dated: March 26, 2009                             /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE